Please remain seated. The United States Court of Appeals for the Ninth Circuit is now in session. Pellet Commissioner Peter L. Shaw presiding. Good afternoon. This is a Pellet Commissioner Shaw in San Francisco. This is the hearing in the United States v. Kimura, No. 17-10353, concerning Mr. Kimura's request that the Court exercise its discretion to allow him to represent himself in this appeal. Thank you all for your indulgence in accommodating having this hearing postponed. Regrettably, I am still not well, but I'm going to try and make it through this hearing. So let me first have the appearance from the government. Good afternoon, Commissioner Shaw. This is Good afternoon, Mr. Shaw. This is the other doctor representing Ryan Kimura. All right. And we're conducting this hearing by videoconference from San Francisco. The two counsel are on the telephone, who've just entered their appearances. And Mr. Kimura is visible to me on a video connection. So good afternoon, Mr. Kimura. Good afternoon, Your Honor. I just want to let you know that this proceeding is being recorded, and that in the event there's a need for any record of the proceeding, that can be made available. And I'd like to begin by having my courtroom deputy swear you in, Mr. Kimura. I'm going to be asking you questions under oath, and we need to begin that way. Please raise your right hand. Do you solemnly swear that the statements you are about to make now before this court will be the truth, the whole truth, and nothing but the truth, and this you do under the panes of penalties of perjury? Yes, I do. Please state your full name for the record. Ryan Winnell Kimura. Thank you. All right. You can put your hand down. Mr. Kimura, do you have any physical or mental impairments that would affect your ability to participate fully and knowingly in these proceedings? No, Your Honor. Are you under the influence of any drug or alcohol? No, Your Honor. Are you able to hear me and to respond freely? Yes, Your Honor. All right. In response to your request to represent yourself in this appeal, the court has authorized me to conduct this hearing to make sure that you understand the dangers and disadvantages of self-representation on appeal and that your request is knowing, intelligent, and unequivocal. Do you understand? Yes, I do. You have the right to counsel in this appeal. If you cannot afford to retain counsel, you are entitled to have counsel appointed to represent you at government expense. The court also has discretion to allow you to represent yourself if your request is knowing, intelligent, and unequivocal and is not intended to delay the proceedings on appeal. You may also withdraw your request to represent yourself, and in that event, you may continue with appointed counsel or you may retain counsel who will enter an appearance. I am also authorized to appoint different counsel to represent you. The Court of Appeals does not, however, permit the appointment of advisory or standby counsel, so you may not represent yourself and simultaneously have counsel appointed to assist you. Do you understand?  All right. So I'd like to begin by having you describe your education, your job history, and your writing experience. So let's start with your education. I'm a graduate of Honolulu High School in 1986, a graduate of Hawaii Pacific University in a communications degree in 1995. I was a financial advisor at Morgan Stanley and also worked at First Hawaiian Bank, worked at various other employers' restaurants and what have you. And what kinds of work did you do for those employers? I was a restaurant manager for two restaurants. I was also employed by Sun Life prior to that as regional vice president. All right. So in the course of your work history, did you have, as part of your job requirements, a need to prepare any reports, analyses, any kind of persuasive writing or analytic writing? Yes, Your Honor. Can you tell me about that? I would have to do financial statements for clients. I would have to be able to describe any dangers that they will be encountering and the risks that are involved with going into the financial world or preparing their retirement plans for them. All right. Have you ever represented yourself in a court proceeding? No, Your Honor. And why is it that you want to represent yourself in this appeal when you are entitled to have an attorney represent you and you currently have, as your counsel, a seasoned, experienced appellate practitioner in Ms. Dodson? I understand that I have that right to have somebody assist me in this, but I also believe that by having firsthand knowledge, I'd be able to get across more persuasively what actually happened, and I believe that with the rules in front of me, I'd be able to follow those rules and be able to write that down and get it across. What do you think you could convey that Ms. Dodson couldn't convey after you explained your position to her? I just, I feel I'm competent enough to do it on my own. It's not that I don't trust anybody else. It's just I have more confidence in myself being able to do that. Well, let me review the items that you mentioned that you, hang on, that you, in your response. So, you say one of the issues you want to raise is that relevant evidence was never examined. Correct. Is that correct? So, was that evidence in the record, or is that that it was evidence is available, but it was never introduced? Both, actually for both. Well, all right. So, one of the things that a lawyer can do is, I think, translate, maybe a good word, translate your concerns into arguments and a communication with the court that comply with the rules that govern the scope of an appeal. One of the important rules that governs the scope of an appeal is the notion that the court on a direct appeal, on this appeal, will consider only matters that are already in the record. So, there are some of the issues that you want to raise. For example, the issue of there was evidence out there, but it never got in. Or, my attorney was ineffective because there was evidence there, and my attorney didn't go and find that evidence and put it in the court. Is that correct? That's correct. Now, the problem is the court can't address those issues in a direct appeal, because in a direct appeal, as I mentioned a moment ago, the court is limited to considering only what is in the record, not anything else. There is a remedy for you to get that other matter, and that remedy is a request for relief under a statute called 28 U.S.C. 2255. That 2255 motion is designed to accommodate a request for relief as to matters that are not in the record. Things like ineffective assistance of counsel, evidence that was out there that If you were to raise those issues in a brief, our court would simply not entertain them, because they're not in the record, and we would have to await your filing a 2255 motion in the district court, and then having the district court have the first opportunity to rule on that with or without an evidentiary hearing, and then a court of appeals could address those issues. Do you understand the logic in what I'm saying to you? Yes, I do. Okay. So, it's this kind of knowledge about, this is a very simple matter that I'm expressing to you right now. There are much more critical, strategic matters that affect and influence the way the court of appeals is going to consider your appeal. That matter of communication isn't intuitive to somebody not trained in the law. From your filings, I have no reason to believe that you're not a highly intelligent and thoughtful person, and that's why I'm trying to appeal to that part of you to really follow what I'm saying. Ms. Dodson is a very experienced attorney, and it's precisely in those areas of knowing how to communicate with the court and what's going to be an effective way to communicate with the court that she can translate your concerns into a brief that the court can handle and will have, I think, maximize your chance for success on appeal. If you were to go forward and file a brief on your own behalf, that, for example, would include an ineffective assistance of counsel issue based on matter that's outside the record. Not only would the court not address that issue for the reasons I just mentioned, but it would also undermine sort of the credibility of your whole presentation. So the court would be reading it and say, oh, you know, this person doesn't know what he's talking about, basically. And so we just don't, we can't put much credence in the whole presentation. So that is concerning to me because your issues about the relevant evidence never examined, the ineffective assistance of counsel, the prosecutorial misconduct concerning key evidence, how evidence was handled by a witness, that also suggests to me that you either need to have somebody be able to articulate that in a very specific way, or it may require some analysis of matter outside the record as to what you're going to need to file a 2255. So I just want to make all those points to you, points that you may or may not have considered. And I don't know how your conversation went with Ms. Dodson, but I've seen her work at I know she's experienced and knowledgeable about the specifics of being an appellate litigator, which is different from a trial litigator. So having now heard what I just said to you, does that affect the way you're thinking about proceeding in this matter? I'm thinking about a lot of things now, Your Honor. Thank you for informing me of all this. There are certain things that I can understand the 2255 that you're explaining. Can I ask you a question regarding that? Okay, so if I were to discuss further now with Ms. Dodson this type of things that we're talking about, is this a new motion or a new appeal that's going to be filed? Well, typically, yeah, it's a very good question. So typically the way it occurs is that you get a shot at doing your appeal at this stage that's limited to matter that's on the record. Once the appeal is completed, then you can file a separate motion under 2255 in the district court saying, and they typically call this post-judgment relief. That's sort of the basic rubric of that. You file your application. You say why this relief is warranted, that it raises issues outside the record that couldn't be raised on a direct appeal. And here are your issues that you want to raise. Ineffective assistance, there was evidence out there that should have, but wasn't considered in my case. There was something, I don't know what else outside the record that you can't raise now, but you want to raise, that you contend affected the validity of your conviction or your revocation of supervised release, and that you want the court to consider those issues. And then the court will, the district court, you're back in the district court doing all this. The district court will consider your application. It may consider that there's sufficient contentions and allegations there that justify an evidentiary hearing to identify the matter that you think should have but was not presented. Or it may say that even if you were right that this matter, it wouldn't have changed the outcome, and therefore you don't get an evidentiary hearing and you're denied. And then you come up, once you have that record, once you've made the allegations of what was out there but wasn't, then that's part of the record of the 2255. Then you can appeal from that, and that comes up to the Court of Appeals, and then the Court of Appeals can consider those issues. Okay, I understand. So at this time, would it be beneficial for me to go ahead with that route instead and file for 2255 and postpone this? No, I don't think so. Typically that's not the way it works. Okay. The court would not allow you to... You don't want to lose your right for this direct appeal. So the court's not going to allow you to just hold off on this while you go through the 2255. It's going to require that this gets resolved. So I guess my sense is there's sort of nothing that you lose by going forward with the direct appeal as it now sits and have that done. If it turns out that Ms. Dodson or whatever counsel looks at your case and says, based on the record that's currently there, there's no real basis, there's no issue that would justify reversing the determination that supervised release should be revoked, then that counsel would file a brief to the court to that effect under a case called Anders. And in that event, if that were to occur, then the court would give you an opportunity to file a brief. But you would have an opportunity to file a brief only if counsel found no issues to raise. Otherwise, if counsel thought that there was an issue here, that there was an abuse of discretion in revoking supervised release, then that counsel would file a brief and the court would rule on that issue. And then at the end, of course, if you get relief, you don't have to file a 2255 at all. But if the court denies relief, then you can file your 2255 at that time. Okay, I understand, Your Honor. So with that in mind, then, I guess it would be best that I continue to talk to Ms. Dodson regarding this and seeing what she can find for me. Yes. And from that point, if I need to go ahead with a 2255, would she be somebody I can ask for, or is that going to be a whole new process? Yeah. In a direct appeal, you're entitled to, as I mentioned earlier, you're entitled to the assistance of counsel. So you have Ms. Dodson here for your direct appeal. In a 2255 motion, you don't have the right to counsel to assist you in the district court or on appeal. But the district court or our court has discretion to appoint counsel for you. It's a little bit, there's no guarantee, I guess is what I'm trying to tell you. But if you raise significant issues as to which the district court thinks that appointment of counsel would be beneficial to, as the court in deciding the case, the court is able to appoint counsel, but there's no guarantee that it would do so. I suspect in the course of discussing your case with Ms. Dodson, she would be able to advise you about these matters and give you some direction on how to proceed in the event you had to do a 2255. But let me check with Ms. Dodson. Have I accurately described the scope of what you would consider to be part of your representation of Mr. Kimura? Ms. Dodson, are you with us? Oh, no, I think we may have lost her. Shoot. Was that with those clones when you came? Hello? Oh, Ms. Dodson? Yeah. Oh, hi. Were you just following what I just said? Yeah. Do you mean that after I did it, say I completed the direct appeal, and then he wanted to do a 2255, is that where you're asking advice? No, no. I mean, in the course of discussing with him the scope of this appeal, there are obviously some matters that he considers sort of that he wants to raise but can't be raised on a direct appeal. But in the course of working with him on that, would you explain to him the fact that those matters have to be raised in a 2255 and basically go over with him what the mechanics are of filing a 2255? Oh, yeah. I always do that anyway. Right. Well, that's what I thought. Yes. No, I am not. As I mentioned, the question of appointment of counsel on a 2255 would, in the first instance, be up to the district court in any event. So I suspect that Mr. Kamira would have to apply for appointment of counsel along with his 2255 in district court and that you would not be representing him until appointed in district court on a 2255. Correct. And generally, if I do the appeal, they appoint someone else to do the 2255. At least that's been my experience. Okay. All right. Does that answer your question, Mr. Kamira? Yes, it does. And I'm sorry, I have one more question. So is that okay if I ask one more question? Yeah. And listen, I want to make sure we get this resolved today and that you're okay with what happens here. Okay. If I do go ahead on my own and I do my best to raise questions that does not pertain to a 2255 issue, if I do go ahead and you still rule in favor of the United States of America, I am still able to go ahead and file a 2255 after that? Yeah, it doesn't matter who. Yes, it doesn't matter. For that purpose, it doesn't matter whether you're represented or not represented in your direct appeal. Right. Oh, okay. Okay. Like I mentioned earlier, I don't want to lose sight of my thinking about this, about having an advocate here who knows how to navigate the appellate process and give you the best chance of succeeding on those matters that are actually within the scope of this appeal. Right. I understand. Okay, Your Honor. Thank you very much for everything. I fully understand what you're getting across. All right. So, with that in mind, are you content to remain with Ms. Dodson? Yes, Your Honor. I'm sorry, one last, one other question. Would I be able to get all records that Ms. Dodson is getting so I can communicate effectively with her regarding this matter? Well, I know that one of the issues that you raised was access to the pre-sentence report. Now, I don't know, I know Ms. Dodson said she would maybe look into that after the court ruled on this matter, but my understanding is that many, if not all, prison facilities prohibit inmates from possessing pre-sentence reports. So, I'm not sure that you ever can get that, whether you represent yourself or not. I think as to other matters, matters as to which there is no institutional problem, I don't see any issue with Ms. Dodson making available to you other matters in the record. Ms. Dodson, do you see any problem with making matters available to Mr., record matters available to Mr. Kimura first? And second, do you have any further insight into the pre-sentence report question? You know, I have no problem giving records. I always give any records in question. Like right now, I believe there are three transcripts that could be ordered that are relevant, and the probation report would be relevant. And I don't know if that's prohibited from him looking at that, but he should be able to look at that, or he should have received a copy in the first place before his revocation hearing, so I don't know. But any records that I'm able to send him, the pre-sentence report, sometimes they can look at it. I know attorneys can take it in and they can look at it, but they're not permitted to keep it. And I believe Mr. Kimura will be out of the SEC in a month or so, and therefore he would be able to have a copy of that, is my understanding. All right. It sounds to me like the two of you can work this out. This doesn't seem to be a deal-breaker in terms of you getting what you need, and it sounds like Ms. Dotson is more than willing and able to provide you with the documents that you would like to see in assisting her in representing you. Yes, Your Honor. All right. Do you have any other questions, Mr. Kimura? No, thank you very much. No, thank you. So I am going to issue an order noting that you have withdrawn your request for self-representation on this direct appeal. I'm going to authorize Ms. Dotson to continue to represent you and will allow the process to unfold, as it will. And I just want to mention I appreciate your listening to me and your asking me the questions that are on your mind and giving me an opportunity to listen to you.  All right. Before I go any further, I just want to know if the government has anything they wish to say. I know you've been very patient. Mr. Nomar, anything you wish to add? No, nothing to add. Thank you. All right. Ms. Dotson, anything further from you? No, Your Honor. All right. So you will make appropriate arrangements to communicate with Mr. Kimura to go forward with the appeal, yes? Yes. All right. Mr. Kimura, thank you. If any of the tech folks are hearing from what I'm saying, I want to express my gratitude to you for assisting in setting this up and in accommodating the rescheduling of this hearing. And with that said, this matter is submitted and good luck to all. Thank you. Thank you. This court for this session stands adjourned.
judges: Appellate Commissioner Shaw